| STATE OF NORTH CAROLINA | File No. 20 CVS 5277 |
|---|---|
| CUMBERLAND County | In The General Court Of Justice<br>☐ District  ☒ Superior Court Division |

| Name Of Plaintiff |
|---|
| JERMAINE THOMPSON |
| Address |
| c/o Ricci Law Firm, P.A., P.O. Box 483 |
| City, State, Zip |
| Greenville, NC 27835 |

**CIVIL SUMMONS**
☒ ALIAS AND PLURIES SUMMONS (ASSESS FEE)

G.S. 1A-1, Rules 3 and 4

**VERSUS**

| Name Of Defendant(s) | Date Original Summons Issued |
|---|---|
| JEREMY JAY DELKANIC and WESTERN EXPRESS, INC. | 09/29/2020 |
| | Date(s) Subsequent Summons(es) Issued |
| | 12/22/2020 |

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| Jeremy Jay Delkanic | Western Express, Inc. |
| 146 Main Street | c/o Registered Agent Roland M. Lowell |
| Noxen, PA 28636-7746 | 7035 Centennial Place |
| | Nashville, TN 37209-1033 |

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff) | Date Issued | Time |
|---|---|---|
| Meredith S. Hinton | 3/15/21 | 9:58 ☒ AM ☐ PM |
| Ricci Law Firm, P.A. | Signature | |
| P.O. Box 483 | | |
| Greenville, NC 27835 | ☒ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

| ☐ ENDORSEMENT (ASSESS FEE) | Date Of Endorsement | Time |
|---|---|---|
| This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Signature | ☐ AM ☐ PM |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** *Many counties have MANDATORY ARBITRATION programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

(Over)

AOC-CV-100, Rev. 6/16
© 2016 Administrative Office of the Courts

| RETURN OF SERVICE |
|---|

I certify that this Summons and a copy of the complaint were received and served as follows:

## DEFENDANT 1

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|
| | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

## DEFENDANT 2

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|
| | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 6/16
© 2016 Administrative Office of the Courts

| STATE OF NORTH CAROLINA | File No. 20 CVS 5277 |
|---|---|
| CUMBERLAND County | In The General Court Of Justice ☐ District ☒ Superior Court Division |

| Name Of Plaintiff |
|---|
| JERMAINE THOMPSON |
| Address |
| c/o Ricci Law Firm, P.A., P.O. Box 483 |
| City, State, Zip |
| Greenville, NC 27835 |

**CIVIL SUMMONS**
☒ ALIAS AND PLURIES SUMMONS (ASSESS FEE)

G.S. 1A-1, Rules 3 and 4

**VERSUS**

| Name Of Defendant(s) | Date Original Summons Issued |
|---|---|
| JEREMY JAY DELKANIC and WESTERN EXPRESS, INC. | 09/29/2020 |
| | Date(s) Subsequent Summons(es) Issued |

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| Jeremy Jay Delkanic | Western Express, Inc. |
| 146 Main Street | c/o Registered Agent Roland M. Lowell |
| Noxen, PA 28636-7746 | 7035 Centennial Place |
| | Nashville, TN 37209-1033 |

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and
2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff) | Date Issued | Time |
|---|---|---|
| Meredith S. Hinton | 12-22-20 | 2:51 ☐ AM ☒ PM |
| Ricci Law Firm, P.A. | Signature | |
| P.O. Box 483 | | |
| Greenville, NC 27835 | ☒ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

| ☐ ENDORSEMENT (ASSESS FEE) | Date Of Endorsement | Time |
|---|---|---|
| This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | | ☐ AM ☐ PM |
| | Signature | |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** *Many counties have MANDATORY ARBITRATION programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

(Over)

AOC-CV-100, Rev. 6/16
© 2016 Administrative Office of the Courts

| RETURN OF SERVICE | | | |
|---|---|---|---|
| I certify that this Summons and a copy of the complaint were received and served as follows: | | | |

## DEFENDANT 1

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|
| | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

## DEFENDANT 2

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|
| | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 6/16
© 2016 Administrative Office of the Courts

| STATE OF NORTH CAROLINA | File No. 20 CVS 5277 |
|---|---|
| CUMBERLAND County | In The General Court Of Justice<br>☐ District ☒ Superior Court Division |

| Name Of Plaintiff |
|---|
| JERMAINE THOMPSON |
| Address |
| c/o Ricci Law Firm, P.A., P.O. Box 483 |
| City, State, Zip |
| Greenville, NC 27835 |

**VERSUS**

**CIVIL SUMMONS**

☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE)

G.S. 1A-1, Rules 3 and 4

| Name Of Defendant(s) | Date Original Summons Issued |
|---|---|
| JEREMY JAY DELKANIC and WESTERN EXPRESS, INC. | |
| | Date(s) Subsequent Summons(es) Issued |

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| Jeremy Jay Delkanic | Western Express, Inc. |
| 146 Main Street | c/o Registered Agent Roland M. Lowell |
| Noxen, PA 28636-7746 | 7035 Centennial Place |
| | Nashville, TN 37209-1033 |

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff) | Date Issued 9/29/2020 | Time 10:23 ☒ AM ☐ PM |
|---|---|---|
| Meredith S. Hinton | Signature | |
| Ricci Law Firm, P.A. | ☒ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |
| P.O. Box 483 | | |
| Greenville, NC 27835 | | |

| ☐ ENDORSEMENT (ASSESS FEE) | Date Of Endorsement | Time ☐ AM ☐ PM |
|---|---|---|
| This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Signature | |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** *Many counties have MANDATORY ARBITRATION programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

(Over)

AOC-CV-100, Rev. 6/16
© 2016 Administrative Office of the Courts

Case 5:21-cv-00298-BO    Document 1-1    Filed 07/16/21    Page 5 of 15

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid<br>$ | Signature Of Deputy Sheriff Making Return |
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 6/16
© 2016 Administrative Office of the Courts

STATE OF NORTH CAROLINA                    IN THE GENERAL COURT OF JUSTICE
                                                SUPERIOR COURT DIVISION
COUNTY OF CUMBERLAND                              20 CVS 5277

JERMAINE THOMPSON,                )
                                  )
           Plaintiff,             )
                                  )
    v.                            )           COMPLAINT
                                  )
JEREMY JAY DELKANIC and           )
WESTERN EXPRESS, INC.,            )
                                  )
           Defendants.            )

Plaintiff, complaining of Defendants, alleges and says:

1. Plaintiff if a citizen and resident of Fayetteville, Cumberland County, North Carolina.

2. Upon information and belief, Defendant Jeremy Jay Delkanic is a citizen and resident of Noxen, Pennsylvania ("Defendant Driver").

3. Upon information and belief, Defendant Western Express, Inc., is a corporation authorized and existing under the laws of the State of Tennessee, with its registered office and principal place of business located at 7135 Centennial Place, Nashville, Tennessee ("Defendant Trucking").

4. At all relevant times herein, Defendant Trucking was a Motor Carrier, as defined by and subject to the rules and regulations of the United States Department of Transportation and the Federal Motor Carrier Safety Administration, codified in Title 49 of the Code of Federal Regulations, parts 300-399 and related parts.

5. At all relevant times, Defendant Driver was a professional commercial truck driver acting under the authority and control of his employer, Defendant Trucking.

6. At all relevant times herein, Defendant Driver was subject to the rules and regulations of the United States Department of Transportation and the Federal Motor Carrier Safety Administration, codified in Title 49 of the Code of Federal Regulations, parts 300-399 and related parts.

7. On or about March 6, 2020, at approximately 6:05 p.m., Plaintiff was operating a 2011 Ford motor vehicle bearing North Carolina license plate number 5M06DV and was traveling in a generally northerly direction along Interstate 95 near Godwin, North Carolina.

8. At the aforementioned time and place, Defendant Trucking was the owner of a 2019 International tractor/semi-trailer bearing Tennessee license plate number K3302H8 and having U. S. DOT Number 511412 ("Tractor-trailer").

9. At the same time, Defendant Driver was operating the Tractor-trailer owned by Defendant Trucking in the course and scope of his employment with Defendant Trucking and was traveling in a generally northerly direction along Interstate 95 near Godwin, North Carolina.

10. On the date, time and place aforesaid, Defendant Driver suddenly and without warning drove the loaded Tractor-trailer into the rear of Plaintiff's vehicle and caused a violent collision. As a result of the impact, Plaintiff's vehicle was pushed forward into a Tractor-trailer that was stopped for traffic, causing a second violent collision.

**FIRST CLAIM FOR RELIEF**
(Negligence against Defendant Driver)

11. Plaintiff hereby adopts and re-alleges paragraphs 1-10 as though fully set forth herein.

12. At said time and place, it was the duty of Defendant Driver to operate, maintain, and control the Tractor-trailer in a manner so as not to negligently cause injury to persons lawfully on the public way, including Plaintiff.

13. Defendant Driver owed a duty of care to other drivers, including Plaintiff, and was negligent and violated that duty in that he:

    (a)    operated the Tractor-trailer at a speed too great for conditions prevailing;

    (b)    failed to keep a proper lookout;

    (c)    followed too closely;

    (d)    failed to reduce speed;

    (e)    failed to avoid a collision with the vehicle operated by Plaintiff;

    (f)    struck the vehicle occupied by Plaintiff;

    (g)    failed to slow or stop the Tractor-trailer when danger to Plaintiff was imminent;

    (h)    failed to adhere to certain rules and regulations codified in 49 CFR 300 *et seq.*, including not having his legally required logbook, violating regulations on maximum driving time, and failing to reduce speed and exercise caution in hazardous weather conditions;

    (i)    failed to properly maintain the Tractor-trailer, including but not limited to maintaining adequate brakes;

    (j)    operated the Tractor-trailer carelessly and heedlessly in a reckless, willful and wanton disregard for the safety of others including Plaintiff; and

    (k)    was negligent in other and further ways as the evidence will show and to be proven at trial,

all in violation of the motor vehicle laws of the State of North Carolina.

14. Defendant Driver was also negligent *per se* in that he violated Federal Motor Safety Carrier Regulations and state trucking safety rules, all of which govern his conduct in the operation of a commercial motor vehicle on a North Carolina highway.

15. Defendant Driver's negligent conduct proximately caused the collision at issue in this case.

16. As direct and proximate result of one or more of the foregoing acts of negligence, the Tractor-trailer operated by Defendant Driver did violently collide with the vehicle occupied by Plaintiff and as a result thereof, Plaintiff did suffer the following past, present, and future loss and damage:

    (a) bodily injury;

    (b) pain and suffering;

    (c) mental suffering;

    (d) medical expenses; and

    (e) disability or loss of normal life.

17. The conduct of Defendant Driver was wanton, gross, reckless and in complete disregard for the safety and rights of others.

18. As a result of Defendant Driver's willful, wanton and reckless conduct, Defendant Driver is liable to Plaintiff for punitive damages.

19. Plaintiff seeks and is entitled to recover punitive damages in an amount in accordance with N. C. Gen. Stat. § 1D.

20. As a direct and proximate result of Defendant Driver's negligence, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limit of this Court.

## SECOND CLAIM FOR RELIEF
(Negligence against Defendant Trucking -- *Respondeat Superior*)

21. Plaintiff hereby adopts and re-alleges paragraphs 1-20 as though fully set forth herein.

22. At said time and place, Defendant Driver was operating the Tractor-trailer under the authority and control of his employer or contractor, Defendant Trucking.

23. At said time and place, Defendant Driver was operating the Tractor-trailer with the consent of Defendant Trucking.

24. At said time and place, Defendant Driver was operating the Tractor-trailer in the course and scope of his employment.

25. At said time and place, it was the duty of the Defendant Trucking, by and through his agent or employee Defendant Driver, to own, operate, maintain and control his Tractor-trailer in a manner so as not to negligently cause injury to persons lawfully on the public way, including Plaintiff.

26. Notwithstanding the foregoing duty, Defendant Trucking, by and through its agent or employee Defendant Driver, did own, operate, maintain, and control the Tractor-trailer in a dangerous and negligent manner in one or more of the following ways:

    (a) operated the Tractor-trailer at a speed too great for conditions prevailing;

    (b) failed to keep a proper lookout;

    (c) followed too closely;

    (d) failed to reduce speed;

    (e) failed to avoid a collision with the vehicle operated by Plaintiff;

    (f) struck the vehicle occupied by Plaintiff;

(g) failed to slow or stop the Tractor-trailer when danger to Plaintiff was imminent;

(h) failed to adhere to certain rules and regulations codified in 49 CFR 300 *et seq.*, including not having his legally required logbook, violating regulations on maximum driving time, and failing to reduce speed and exercise caution in hazardous weather conditions;

(i) failed to properly maintain the Tractor-trailer, including but not limited to maintaining adequate brakes;

(j) operated the Tractor-trailer carelessly and heedlessly in a reckless, willful and wanton disregard for the safety of others including Plaintiff; and

(k) was negligent in other and further ways as the evidence will show and to be proven at trial,

all in violation of the motor vehicle laws of the State of North Carolina.

27. As direct and proximate result of one or more of the foregoing acts of negligence, the Tractor-trailer owned by the Defendant Trucking did violently collide with the vehicle occupied by Plaintiff and as a result thereof, Plaintiff did suffer the following past, present, and future loss and damage:

(a) bodily injury;

(b) pain and suffering;

(c) mental suffering;

(d) medical expenses; and

(e) disability or loss of normal life.

28. The conduct of Defendant Trucking, by and through its agent or employee Defendant Driver, was wanton, gross, reckless and in complete disregard for the safety and rights of others.

29. As a result of this conduct, Defendants are liable to Plaintiff for punitive damages.

30. Plaintiff seeks and is entitled to recover punitive damages in an amount in accordance with N. C. Gen. Stat. § 1D.

WHEREFORE, Plaintiff prays for judgment against Defendant Trucking in an amount in excess of the minimum jurisdictional limit of this Court and costs.

### THIRD CLAIM FOR RELIEF
### (Direct Negligence against Defendant Trucking)

31. Plaintiff hereby adopts and re-alleges paragraphs 1-30 as though fully set forth herein.

32. Defendant Trucking had the duty to act reasonably in hiring and retaining Defendant Driver to operate the Tractor-trailer.

33. Defendant Trucking had the duty to promulgate and enforce rules and regulations to ensure that drivers, including Defendant Driver, and vehicles, including the Tractor-trailer, were reasonably safe and in compliance with all applicable state and federal laws.

34. Notwithstanding the foregoing duties, Defendant Trucking, by and through its employee or agent, Defendant Driver, did breach said duties in one or more of the following ways:

  (a) knew or should have known that Defendant Driver was unfit to operate the Tractor-trailer;

  (b) allowed Defendant Driver to operate the Tractor-trailer while in violation of applicable federal regulations at 49 CFR 300, *et seq.*;

(c) did not take appropriate action in training Defendant Driver;

(d) did not take appropriate action in disciplining or re-training Defendant Driver when it knew or should have known that Defendant Driver failed to comply with various rules and regulations;

(e) did not remove Defendant Driver from duties after Defendant Trucking knew or should have known that Defendant Driver was unfit for the job; and

(f) did not provide supervision of Defendant Driver when necessary or reasonable to do so to ensure safety and compliance with applicable rules.

35. As direct and proximate result of one or more of the foregoing acts of negligence, the Tractor-trailer owned by Defendant Trucking did violently collide with the vehicle occupied by Plaintiff and as a result thereof, Plaintiff did suffer the following past, present, and future loss and damage:

(a) bodily injury;

(b) pain and suffering;

(c) mental suffering;

(d) medical expenses; and

(e) disability or loss of normal life.

WHEREFORE, Plaintiff prays for judgment against Defendant Trucking in an amount in excess of the minimum jurisdictional limit of this Court and costs.

WHEREFORE, Plaintiff prays the Court as follows:

1. That Plaintiff has and recovers of Defendants, jointly and severally, a sum in excess of the minimum jurisdictional limit of this Court in compensatory damages, plus interest

from the date this suit was instituted, costs and such other relief as the Court may deem just and proper; and

2. That Plaintiff has and recovers from Defendants, jointly and severally, punitive damages based upon the willful and wanton conduct of Defendant Driver.

This the 23rd day of September, 2020.

RICCI LAW FIRM, P.A.

*/s/ Meredith S. Hinton*
Meredith S. Hinton
Attorneys for Plaintiff
N.C. State Bar No. 34224
PO Box 483
Greenville, NC 27835-0483
Tel.: (252) 752-7785
Fax.: (252) 752-1016