IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:21-cv-298-BO

JERMAINE THOMPSON,
    Plaintiff,

v.

JEREMY JAY DELKANIC and WESTERN
EXPRESS, INC.,
    Defendants.

**CONSENT PROTECTIVE ORDER**

    The parties assert that they possess information relating to the subject matter of this action that they may deem confidential and proprietary. The parties recognize that in the course of discovery proceedings relating to this action, it may be necessary to disclose certain of the asserted confidential and proprietary information. The parties wish to ensure that such confidential and proprietary information will not be disclosed to unauthorized persons and will not be used for any purpose other than this litigation.

    It is therefore ORDERED that:

    1.    Prior to their production, any party may designate documents or other materials as containing CONFIDENTIAL INFORMATION to be protected by this Order. With regard to Western Express, Inc., these will likely include internal documents and materials comprising trade secrets and confidential and proprietary information such as policies and procedures, training manuals, dash camera footage, and similar items.

    2.    The following "Qualified Persons" are entitled to review and utilize documents or materials containing confidential information produced pursuant to the terms of this Order:

a. The parties, their employees, and their attorneys of record (including their necessary staff);

b. Independent expert witnesses who have been specifically employed or retained to assist in this litigation with their necessary staff;

c. Witnesses who are asked to review this confidential information during the course of a deposition or trial in this litigation;

d. Court reporters and videographers recording testimony in this litigation and their necessary staff;

e. The presiding Judge, courtroom clerk or other necessary court personnel, and jurors upon being sworn in at any motion hearing or trial of this matter; and

f. Any other person who is later designated as a Qualified Person by Order of the Court or agreement of the parties.

3. Confidential Information shall not be disclosed to any of the persons referred to in Paragraphs 2(b) and (c) until such persons have been provided with a copy of this Protective Order and have agreed in writing to be bound thereto by execution of the Confidentiality Agreement attached hereto as Exhibit A. All parties shall retain any such agreements and make them available to counsel for other parties upon request, provided that the identities of consultants, including trial or jury consultants, who have not been identified as testifying experts need not be disclosed.

4. The Confidential Information identified above will be designated by marking the initial page at or before the time of production as "**CONFIDENTIAL**." The parties may comply with this Order by either marking the original documents or the copies that are produced or

exchanged. With respect to data disks, videos, or other tangible items, this provision may be complied with by labeling such items as "**CONFIDENTIAL**."

5. A Qualified Person who receives Confidential Information shall not make it available to persons or entities other than Qualified Persons as defined in Paragraph 2 and shall only use the information for purposes of this litigation.

6. Unless all parties agree on the record at the time deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential Information until the expiration of the following: No later than 30 days after the transcript is delivered to any party or the witness, and in no event later than 60 days after the testimony is given. Within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Information, and thereafter only those portions identified in the Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information, unless otherwise ordered by the Court. Notwithstanding the foregoing, any documents or information identified as "Confidential" prior to any deposition testimony shall remain confidential.

7. The designation of any material or document as Confidential Information is subject to challenge by any party. The attorneys of record shall first make good faith efforts to resolve any such challenges by consent. Any remaining disagreements shall be resolved by motion practice. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

8. Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial shall bring that issue

to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial. Any Court filings containing Confidential Information shall be filed pursuant to Local Rule 79.2 of the United States District Court for the Eastern District of North Carolina.

9. Within 60 days after the conclusion of this litigation, any party may request the return of any documents containing Confidential Information to the producing party and consistent with any rules promulgated by the North Carolina State Bar regarding attorneys' maintenance of client files.

10. It is the express intent of the parties that Confidential Information produced consistent with this Order shall be used in this litigation only and shall not be used in connection with any other litigation, claim, or potential claim.

11. The terms of this Order shall continue to bind the parties after the conclusion of this litigation.

12. The fact that any of the parties have designated certain documents, information, or materials as confidential shall not be admissible during a hearing or the trial of this action.

SIGNED on this the 27 day of October, 2021.

Terrence Boyle
TERRENCE W. BOYLE
United States District Judge

BY CONSENT:

YOUNG MOORE AND HENDERSON P.A.


/s/ Brittany D. Levine
DAVID M. DUKE
State Bar No. 12388
BRITTANY D. LEVINE
State Bar No. 56802
P.O. Box 31627
Raleigh, North Carolina 27622
Phone: (919) 782-6860
David.Duke@youngmoorelaw.com
Brittany.Levine@youngmoorelaw.com
*Attorneys for Defendants*


/s/ Meredith S. Hinton
MEREDITH S. HINTON
State Bar No. 34224
Ricci Law Firm, P.A.
PO Box 483
Greenville, NC 27835
mrshinton@riccilawnc.com
*Attorneys for Plaintiff*


544880/950228-007

# EXHIBIT A

CONFIDENTIALITY AGREEMENT

I, _____, state that I have read and understood the provisions of the Consent Protective Order dated _____ entered in *Jermaine Thompson v. Jeremy Jay Delkanic and Western Express, Inc.*, United States District Court for the Eastern District of North Carolina, File No. 5:21-cv-298, and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of the Court.

I understand that I am to retain all copies of any information, document, material, item, or thing designated as **CONFIDENTIAL** in a secure manner, and that all copies are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon the copies and any writings prepared by me containing any information, document, material, item, or thing designated as **CONFIDENTIAL** are to be returned to counsel who provided me with such materials.

I will not disclose or divulge any information, document, material, item, or thing designated as **CONFIDENTIAL** to persons other than those specifically authorized by said Order, and I will not copy or use any information, document, material, item, or thing designated as **CONFIDENTIAL** except solely for the purposes of this litigation. I also agree to notify any secretarial, stenographic, clerical, or other personnel who are required to assist me of the terms of said Order.

I state under penalty of perjury that the foregoing is true and correct.

Executed on this _____ day of _____, 20__

_____

STATE OF NORTH CAROLINA
COUNTY OF _____

I, _____, a notary Public within and for _____ County, do hereby certify that _____ personally appeared before me this day and acknowledged the execution of the foregoing instrument.

WITNESS my hand and official seal, this the _____ day of _____, 20__

_____
Notary Public

My commission expires: